UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| CHRISTINE BRUGMAN, | Case No. 0:05-321 (JRT/FLN) |
| Plaintiff, | |
| v. | **FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR REMAND** |
| RUTHTON SENIOR CITIZENS CENTER, INC., and WESTERN COMMUNITY ACTION, INC., | |
| Defendants. | |

_____

This above referenced matter is before Court on Defendant Western Community Action's Motion for Remand to the Pipestone County, Minnesota District Court [Docket No. 2]. All parties signed a Stipulation and Agreement to remand the matter to state court [Docket No. 4]. After reviewing the Stipulation and Agreement, the Motion for Remand, the Memorandum in Support of Motion for Remand, the Court makes the following:

FINDINGS OF FACT

1. Defendant Western Community Action removed this matter on February 14, 2005.  *See* Defendant's Notice of Removal [Docket No.1].

2. Defendant Western Community Action based its removal on diversity jurisdiction pursuant to 28 U.S.C. 1332. Id.

3. Defendants and Plaintiff have stipulated and agreed that Plaintiff's damages in this case will not exceed $75,000. *See* Stipulation [Docket No. 4].

Based on its Findings of Fact, the Court makes the following:

## CONCLUSIONS OF LAW

1. The amount in controversy requirement for federal court jurisdiction is not met in this case. Therefore, remand to state court is appropriate.

2. In order for federal courts to have jurisdiction of diversity of citizenship, the amount in controversy between the parties must exceed $75,000. 28 U.S.C. 1332 (a). Where it appears to a legal certainty that damages will not meet the amount in controversy threshold, the federal courts are deprived of jurisdiction. Sanchez v. Monumental Life Insurance Co., 102 F.3d 398 (9th Cir. 1996), Jumara v. State Farm Insurance Company, 55 F.3d 873 (3d Cir. 1995), Spies v. NAAC, 383 F.2d 745 (5th Cir. 1967).

3. In this matter, the parties have stipulated that, even if successful in her claim, the Plaintiff's total damages will not exceed $75,000. *See* Stipulation [Docket No. 4]. The parties have further agreed to remand this matter to state court. Id. Because there is a legal certainty (due to the stipulation) that damages (the measure of amount in controversy in this case) will not exceed $75,000, this Court lacks jurisdiction over this matter. Thus, remand to state court is appropriate.

Based on the Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED that this matter is remanded to the jurisdiction of the Pipestone County, Minnesota District Court.

DATED: May 19, 2005
at Minneapolis, Minnesota       s/John R. Tunheim
         JOHN R. TUNHEIM
       United States District Judge